Filed 3/22/21  P. v. Sims CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JERMAINE SIMS,<br><br>Defendant and Appellant. | B300244<br><br>(Los Angeles County<br>Super. Ct. No. BA179907) |

APPEAL from a postjudgment order of the Superior Court of the County of Los Angeles, Craig E. Veals, Judge.  Reversed and remanded with directions.

Richard D. Miggins, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kristen J. Inberg and Wyatt E. Bloomfield, Deputy Attorneys General, for Plaintiff and Respondent.

# I.  INTRODUCTION

Defendant Jermaine Sims appeals from the trial court's order summarily denying his petition for appointment of counsel and resentencing under Penal Code section 1170.95.[1]  According to defendant, the court erred by refusing to appoint counsel and finding instead that he had failed to make the requisite prima facie showing of entitlement to relief under section 1170.95, subdivision (c).  We agree and therefore reverse the court's order and remand with directions.

# II.  BACKGROUND

## A.  *Robbery/Murder*[2]

"The Nguyen family owned Wit's Liquor Store in Lawndale. During the afternoon of December 25, 1998, [S.] Nguyen was working at the cash register, while her father, Alan Nguyen, napped on a pillow and blanket set up behind the counter.

"At 2:30 p.m., defendant . . . entered the store, [purchased] a can of soda . . . , and left the store.  A few minutes later, defendant . . . re-entered the store accompanied by [codefendant Moses Lee Turner].  Defendant . . . held a gun to [S.] Nguyen's head and demanded money from the cash register. Simultaneously, . . . Turner circled to the back of the counter

---

[1]  All further statutory references are to the Penal Code.

[2]  The facts are taken from the unpublished opinion in the direct appeal from defendant's underlying conviction.  (*People v. Turner* (Dec. 16, 2002, B152074, B157289 [nonpub. opn.].)

where Alan Nguyen slept, picked up the still-sleeping man, and violently beat him on the head with his fists and the butt of a handgun. At one point, . . . Turner smashed Alan Nguyen's head against a shelf of bottles. While watching the assault on her father, [S.] Nguyen attempted to comply with defendant['s] demand to empty the cash register's contents into a paper bag. Defendant . . . set his soda on the counter, grabbed the bag from [S.] Nguyen and put in more money from the register, as well as some credit card receipts. Defendant . . . ordered [S.] Nguyen to lie on the floor, which she did. Defendants then left the store, leaving behind both the paper bag full of money ($200) and credit card receipts, and defendant['s] . . . soda. A surveillance camera had captured the entry of both defendants into the store and defendant['s] robbery of [S.] Nguyen, although the quality of the videotape was not clear.

"Alan Nguyen died at the scene from severe brain trauma. He had suffered multiple head injuries caused by 'moderate to severe force.'

"Defendant['s] fingerprints were found on several items inside the store, including the soda can and one of the credit card receipts in the paper bag. In argument to the jury, defendant['s] . . . attorney conceded defendant['s] presence in the store and robbery at gunpoint of [S.] Nguyen."

B. *Underlying Conviction*

On May 18, 2001, a jury found defendant guilty of: first degree murder in violation of section 187, subdivision (a) (count 1); and two counts of second degree robbery in violation of section 211 (counts 2 and 3). The jury also found true, as to all

three counts, the allegations that defendant personally used a firearm in the commission of the offenses within the meaning of section 12022.53, subdivision (b) and that a principal was armed with a firearm in the commission of the offenses in violation of section 12022, subdivision (a)(1).

On March 13, 2002, the trial court sentenced defendant to a term of 25 years to life on count 1, plus an additional consecutive 10-year term pursuant to section 12022.53, subdivision (b), for an aggregate base term of 35 years to life. The court also imposed, but stayed, a 15-year sentence on count 2 and imposed a concurrent 15-year sentence on count 3.

On December 16, 2002, a panel of this Division affirmed defendant's conviction. (*People v. Turner, supra*, (Dec. 16, 2002, B152074, B157289 [nonpub. opn.].)

C.     *Petition for Resentencing*

Defendant filed his initial petition for resentencing under section 1170.95 on December 17, 2018. Without defendant being present or represented by counsel, the court denied the motion, concluding that "[t]he new legislation restricts accomplice liability for felony murders to those who harbor a specific intent to kill and therewith aid, abet, counsel, command or assist the actual killer, along with those who were 'major participants in the underlying felony' who act with 'reckless indifference' to human life. Petitioner does not claim to fall outside of these criteria [nor] does he otherwise recite any facts to demonstrate his entitlement to relief under the new law. His request for a modification of sentence is therefore denied."

On March 7, 2019, defendant filed a supplemental petition for appointment of counsel and resentencing under section 1170.95, arguing that he was entitled to resentencing on his first degree murder conviction because neither the trial court nor the jury found that he acted with reckless indifference to human life or that he was a major participant in the robbery.

On March 14, 2019, the trial court again summarily denied the petition, reasoning that defendant was a major participant who acted with an intent to commit a crime that carried "'a grave risk of death.'"

## III. DISCUSSION

A. *Senate Bill No. 1437's Amendments to Sections 188 and 189 and Addition of Section 1170.95*

"Through section 1170.95, Senate Bill [No.] 1437 created a petitioning process by which a defendant convicted of murder under a felony murder theory of liability could petition to have his conviction vacated and be resentenced. Section 1170.95 initially requires a court to determine whether a petitioner has made a prima facie showing that he or she falls within the provisions of the statute as set forth in subdivision (a), including that '(1) [a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[,] [¶] (2) [t]he petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[, and]

5

[¶] (3) [t]he petitioner could not be convicted of first or second degree murder because of changes to [s]ection[s] 188 or 189 made effective January 1, 2019.' (See § 1170.95, subd. (c); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 327 . . . , review granted Mar. 18, 2020, [S260493 (*Verdugo*)].) If it is clear from the record of conviction that the petitioner cannot establish eligibility as a matter of law, the trial court may deny the petition. (*Verdugo*, [*supra*, 44 Cal.App.5th] at p. 330.) If, however, a determination of eligibility requires an assessment of the evidence concerning the commission of the petitioner's offense, the trial court must appoint counsel and permit the filing of the submissions contemplated by section 1170.95. (*Verdugo*, [*supra*, 44 Cal.App.5th] at p. 332; [*People v.*] *Lewis* [(2020)] 43 Cal.App.5th [1128,] 1140, rev[iew] granted [Mar. 18, 2020, S260598].)" (*People v. Smith* (2020) 49 Cal.App.5th 85, 92, review granted July 22, 2020, S262835, fn. omitted (*Smith*).)

B.    *Analysis*

Defendant contends that, under section 1170.95, subdivision (c), the trial court was limited at the outset of the multi-phase petition review process to determining whether he had made a prima facie showing of eligibility for relief. According to defendant, the court instead engaged in the kind of factfinding that is reserved for the hearing which follows an order to show cause. Because he alleged facts showing that his first degree murder conviction could have been based on a felony murder theory without proof of malice, defendant maintains that he made the required prima facie showing and therefore that the matter must be reversed and remanded "with instructions to

6

appoint counsel and proceed in accordance with the requirements set forth in section 1170.95."

The Attorney General concedes the error and agrees that defendant "is entitled to a remand for further proceedings consistent with step two of the prima facie process; i.e., the appointment of counsel, and a round of briefing in accordance with [section 1170.95,] subdivision (c)."

We agree with the parties. Here, the record of conviction affirmatively demonstrated that defendant was charged with first degree murder, the jury was instructed on first degree felony murder without proof of malice and aiding and abetting such first degree felony murder;[3] and the jury returned a verdict as to

---

[3] The trial court instructed the jury on first degree felony murder using then-current CALJIC No. 8.21, which provided: "The unlawful killing of a human being, *whether intentional, unintentional, or accidental,* which occurs during the commission of the crime of robbery is murder of the first degree when the perpetrator had the specific intent to commit that crime. [¶] The specific intent to commit robbery and the commission of such a crime must be proved beyond a reasonable doubt." (Italics added.)

The court also instructed on aiding and abetting first degree felony murder with then-current CALJIC No. 8.27, which provided: "If a human being is killed by any one of several persons engaged in the commission of the crime of robbery, all persons who either directly and actively commit the act constituting that crime or with knowledge of the unlawful purpose of the perpetrator of the crime and with the intent or purpose of committing, encouraging, or facilitating the commission of the offense, aid, promote, encourage, or instigate, by act or advice its commission, are guilty of murder of the first degree, *whether the killing is intentional, unintentional, or accidental.* In order to be guilty of being an aider or abettor to a

7

defendant of first degree murder.  In light of that record, the trial court could not determine at the initial stage of the process—as a matter of law and without resort to factfinding—that the jury did not base its first degree murder finding on a felony murder theory without proof of malice.  (*Smith*, *supra*, 49 Cal.App.5th at p. 92.)  Accordingly, the order denying the petition must be reversed and remanded.

---

felony murder, the accused and the killer must have been jointly engaged in the commission of the robbery at the time the fatal blow was struck."  (Italics added.)

## IV.   DISPOSITION

The order denying the petition for appointment of counsel and resentencing under section 1170.95 is reversed and remanded with directions to appoint counsel for defendant and hold further proceedings on the petition consistent with this opinion.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

BAKER, Acting P. J.

MOOR, J.

9